Law Offices
# BENJAMIN, AARONSON, EDINGER & PATANZO, P.A.

| | | |
|---|---|---|
| BENJAMIN, AARONSON & PATANZO, P.A.<br>James S. Benjamin<br>Daniel R. Aaronson*<br>Peter T. Patanzo<br>*Also licensed in New Jersey and Georgia<br>Telephone (954) 779-1700<br>Fax (954) 779-1771 | 1700 East Las Olas Boulevard, Suite 202<br>Fort Lauderdale, FL 33301<br><br>305 N.E. 1st Street<br>Gainesville, FL 32601<br><br>Please Reply To:<br>Gainesville Office | GARY S. EDINGER, P.A.<br>Gary S. Edinger<br><br>GSEdinger12@gmail.com<br><br>Telephone (352) 338-4440<br>Fax (352) 337-0696 |

July 8, 2019

Hon. Margo K. Brodie
U.S. District Judge
Eastern District of New York
Chambers: N 626
225 Cadman Plaza East
Brooklyn New York 11201

**BY ECF AND FACSIMILE**

   RE: DJ Direct, Inc. v. OMM Imports, Inc. d/b/a Zero Gravity
      Case No.: 19-cv-2541-MKB-VMS

Dear Judge Brodie:

  This letter is tendered on behalf of OMM Imports, Inc. ("Zero Gravity"), in accordance with Your Honor's Individual Practice Rule 3(A), to request a pre-motion conference and leave to file a Motion to Dismiss for failure to state a cause of action pursuant to Rule 12(b)(6), Fed.R.Civ.P., and for violation of Rules 8 and 10(b), Fed.R.Civ.P. (shotgun pleading).

  Reduced to its essentials, the Rule 12(b)(6) motion is based on the fact that that there are no allegations in the Complaint that Zero Gravity did anything at all to harm the Plaintiff.

  The Plaintiff filed an action claiming damages in connection with reports to Amazon.com that it was selling counterfeit merchandise. According to Plaintiff, Defendant David Zur ("Zur") "personally made false statements to Amazon.com at issue herein and is personally responsible for several of the acts complained of herein." (Doc. 1 at 5, ¶29). No other Defendant is alleged to have contacted Amazon.com. In particular, Zero Gravity is not alleged to have done so.

  Plaintiff does not allege that Zero Gravity contacted Amazon.com or took any other affirmative action regarding the Plaintiff. In contrast to the "unity of interests" alleged to exist between Zur and Breya's Cosmetics Corp. (Doc. 1 at 5, ¶¶30, 31). Plaintiff does not allege any connection between Zero Gravity and the other two Defendants beyond the unremarkable assertion that Breya's is a "one of those distributors who is permitted by OMM to sell online". (Doc. 1 at 6, ¶36). Plaintiff does not allege that Breya is a subsidiary of Zero Gravity or is otherwise controlled by it. Neither does Plaintiff allege that Zur or Breya's were acting as agents for Zero Gravity. At most Plaintiff alleges that Zero Gravity was aware of Zur's intent to lodge complaints with Amazon.com about D.J. Direct's business. (Doc. 1 at 7, ¶44; 9, ¶52; 10, ¶57).

The Complaint includes a bare allegation that "Defendants jointly decided to execute a sham operation involving the filing of false claims with Amazon.com…" (Doc. 1 at 7, ¶40). However, Plaintiff does not allege that Zero Gravity took any overt act in furtherance of that joint operation. Rather, the Complaint makes it clear that Zur is the only Defendant alleged to have actually done anything at all. (Doc. 1 at 5, ¶29; 7, ¶44; 9, ¶52; 10, ¶57).

The element of publication or some other overt act is common to all of the state law claims asserted in the Complaint. As noted above, there is no allegation in the Complaint that Zero Gravity took any act in furtherance of the torts alleged:

(1) <u>Count I – Product Disparagement</u>: "To recover for disparagement of goods, the plaintiff must show *that the defendant published* an oral, defamatory statement directed at the quality of a business's goods and must prove that the statements caused special damages." <u>Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.</u>, 314 F.3d 48, 59 (2d Cir. 2002) (emphasis added);

(2) <u>Count II – Tortious Interference with Contract</u>: "Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, *defendant's intentional procurement of the third-party's breach of the contract* without justification, actual breach of the contract, and damages resulting therefrom." <u>Lama Holding Co. v. Smith Barney Inc.</u>, 88 N.Y.2d 413, 424 (1996) (emphasis added). This count is also defective because Plaintiff did not identify any particular customer who declined or was unable to do business with it on account of Defendants' complaints to Amazon. "Failure to identify specific business entities with which the Plaintiffs had business relationships is fatal to their tortious interference with business advantage claims." <u>Katz v. Travelers</u>, 241 F.Supp.3d 397, 408 (E.D. N.Y. 2017)

(3) <u>Count III – Unfair Competition</u>: "The essence of an unfair competition claim under New York law is that the defendant misappropriated the fruit of plaintiff's labors and expenditures by obtaining access to plaintiff's business idea either through fraud or deception, or an abuse of a fiduciary or confidential relationship." <u>Bytemark, Inc. v. Xerox Corp.</u>, 342 F.Supp.3d 496, 505–06 (S.D. N.Y. 2018), *quoting* <u>Telecom Int'l Am., Ltd. v. AT & T Corp.</u>, 280 F.3d 175, 197 (2d Cir. 2001). Here, the cause of action amounts to a non sequitur as Plaintiff is not complaining that Zero Gravity made use of its trademark or trade dress. Rather, Plaintiff is concerned because David Zur accused it of ripping off a mark owned by Zero Gravity. In any event, there are no allegations that Zero Gravity itself did anything to interfere with Plaintiff's sales of the Perfectio device.

(4) <u>Count IV – Defamation</u>: The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt,

hatred, ridicule, aversion, or disgrace, (b) *published* without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se." Kasavana v. Vela, 172 A.D.3d 1042 (2d Dept. May 15, 2019) (emphasis added). It is clear that Zur was the only Defendant who made a statement concerning DJ Direct.

The only Federal claim is set forth in Count VI (sic) seeking a declaratory judgment under the Lanham Act. This claim fails because Plaintiff fails to allege the existence of a live controversy between the parties. The only paragraph which actually purports to show a dispute between Plaintiff and Zero Gravity attests only to Defendant's "belief" that DJ Direct is infringing. (Doc. 1 at 17, ¶110). Plaintiff does not allege that Zero Gravity took any action on this belief to challenge Plaintiff's marketing or sale of the Perfectio device. *Compare*, 1-800-Flowers.com, Inc. v Edible Arrangements, LLC, 905 F.Supp 2d 451, 454 (E.D. NY 2012).

Defendants Zur and Breya's Cosmetics Corp have answered the Complaint and denied liability (Doc. 20), however, the Complaint should be dismissed on motion as against Zero Gravity for the reasons set forth above. In addition, the Complaint is also subject to dismissal because the filing is a "shot gun" pleading prohibited by Rules 8 and 10(b), Fed.R.Civ.P. Each count of the Complaint incorporates the allegations and legal theories in every preceding count. In re Bishop, 578 B.R. 158, 167–68 (Bankr. W.D. N.Y. 2017). The imprecise pleading is exacerbated by the fourteen (14) pages of hearsay statements which appear to be various complaints and responses posted on a website hosted by the Better Business Bureau. (Doc. 1-1). It is unclear which counts are associated with the BBB complaints or whether they truly have any relevance to the case at all. When faced with a shotgun pleading, the proper remedy is to dismiss the Complaint pursuant to Rule 12(e), Fed.R.Civ.P. and to require a more definite statement. *See*, Oliver v. New York State Police, 2019 WL 453363 at *10 (W.D.N.Y. Feb. 5, 2019).

Under the circumstances, we respectfully request that a pre-motion conference be scheduled in this matter.

Respectfully submitted,

Gary S. Edinger

cc: Steven Stern, Esq. via CM/ECF
Richard Schurin, Esq. via CM/ECF
Edward S. Rudofsky, Esq. via CM/ECF