RICHARD S. SCHURIN
STEVEN STERN
EVGENY KRASNOV
BENJAMIN LITTLE
PENINA GREEN
MEGAN ABNER




595 STEWART AVENUE
SUITE 510
GARDEN CITY, NY 11530
TEL. (516) 248-0300
FAX (516) 283-0277
WWW.STERNSCHURIN.COM

July 24, 2019

**VIA ECF**
Hon. Margo K. Brodie
U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
New York, N.Y. 11201

Re: ***DJ Direct, Inc v. OMM Imports Inc. et al.***
**Civl Action No. 19-cv-2541 (MKB)(VMS)**

Dear Judge Brodie:

This firm represents Plaintiff DJ Direct, Inc. (hereinafter "DJ Direct") in the above-referenced lawsuit. We write pursuant to section 3.A. of Your Honor's Individual Rules in response to the pre-motion letter served and filed by Defendant OMM Imports, Inc. d/b/a Zero Gravity (hereinafter "Zero Gravity"). Zero Gravity's request to file a Motion to Dismiss should be denied since such a motion would be futile.

The gravamen of Zero Gravity's position is that the Complaint does not sufficiently plead that Zero Gravity's actions caused DJ Direct's damages. However, contrary to Zero Gravity's position, DJ Direct has alleged facts that are sufficient to state a claim against Zero Gravity. In particular, DJ Direct has alleged the following:

(1) Zero Gravity is the owner of record of U.S. Trademark Registered No 4,913,382 for the trademark PERFECTIO. Complaint, ¶18.

(2) Breya's Cosmetic Corp. (hereinafter "Breya") is an authorized online distributor of Zero Gravity's product. Complaint, ¶¶ 22 and 36.

(3) Amazon issued a "Policy Warning" stating that it received a report from a **rights owner** concerning the authenticity of products sold by DJ Direct. The Policy Warning states, "Infringement Type: Counterfeit." The Policy Warning further identifies Zero Gravity's PERFECTIO trademark by registration number. Defendant Breya is also identified as the entity that lodged the complaint with Amazon. Complaint, Exs. 3 and 4. (Emphasis added)

(4) The Complaint further alleges that "Defendants became aware of DJ Direct's advertising and sale of authentic PERFECTIO® products and were concerned that DJ Direct was selling this product at a lower price than they were offering to sell the very same product." Complaint, ¶ 39. And, "to address the issue, **Defendants jointly decided to execute a sham operation involving the filing of false claims with Amazon.com**, alleging that the PERFECTIO® products being advertised and sold by DJ were "counterfeit" and/or "infringing." Complaint, ¶ 40. The Complaint then goes on to specifically allege that "Defendant Zur, **with the authorization, knowledge and consent of Breya and OMM, and acting on behalf of Breya and/or OMM as the purported 'rights holder' and registrant of the PERFECTIO trademark filed a false complaint with Amazon** …" Complaint, ¶¶ 44 and 55. (Emphasis added)

Based on these allegations, Zero Gravity is liable to DJ Direct under at least two distinct theories. First, since Zero Gravity and Breya "jointly decided" to execute a sham operation involving the filing of false claims with Amazon, Zero Gravity is liable under a "concerted-action theory." The theory of concerted action liability "rests upon the tenet that all those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him." *Pittman by Pittman v. Grayson*, 149 F.3d 111 (2d Cir. 1998) See also, *@Wireless Enters v. AI Consulting, LLC*, 2006 U.S. Dist. LEXIS 79874, *23 (W.D.N.Y. 2006) (denying motion to dismiss tortious interference claim.)

In the instant case, DJ Direct's pleading alleges facts that easily establish the liability of Zero Gravity under a concerted-action theory. For example, DJ Direct alleges that Defendants became aware of DJ Direct's advertising and sale of authentic PERFECTIO® products and were concerned that DJ Direct was selling this product at a lower price. In order to address the unwanted competition by DJ Direct, Defendants jointly decided to execute a sham operation involving the filing of false claims with Amazon.com, alleging that the PERFECTIO® products being advertised and sold by DJ were "counterfeit" and/or "infringing." Complaint, ¶¶ 39 and 40. Taken as true – which the Court must on any motion to dismiss – these allegations establish liability against Zero Gravity through its concerted action with Breya. In this regard, we further note that Zero Gravity does not deny that Breya was acting for its benefit by filing false claims with Amazon on behalf of the trademark "rights owner," Zero Gravity.

Second, under the law of agency, it is well-established that a principal – Zero Gravity – may be held liable for acts of its agent – Breya. "New York courts have stated that where the circumstances alleged in a pleading raise the possibility of a principal-agent relationship, and no written authority for the agency is established, questions as to the existence and scope of the agency are issues for the jury," and therefore survive a motion to dismiss. *See Sabilia v. Richmond*, 2011 U.S. Dist. Lexis 15228, 34 (S.D.N.Y. 2011). To survive a motion to dismiss on this issue, "a plaintiff need only raise a sufficient inference that some sort of agency relationship existed between the purported principal and agent." *Id.* (citing *Amusement Indus. v. Stern*, 693 F. Supp.2d 327 (S.D.N.Y. 2010))

Here, Zero Gravity is the undisputed owner – and what Amazon calls the "rights owner" – of the registered trademark, PERFECTIO, which was asserted against DJ Direct. In addition, Zero Gravity has a history of falsely asserting its rights against online resellers of authentic product. Complaint, ¶¶ 5-7, and Ex. 1. Moreover, Breya is Zero Gravity's authorized online distributor acting on behalf of and in concert with Zero Gravity. These circumstances which are alleged in the Complaint clearly raise the possibility of a principal- agent relationship. Therefore, Zero Gravity is still liable to DJ Direct, even if Breya was the entity that actually filed the false complaints with Amazon.

Zero Gravity also makes certain other arguments in support of its proposed motion to dismiss, all of which are similarly without merit. For example, Zero Gravity claims that the claim for Tortious Interference with Contract is defective because the Complaint did not identify a particular customer who declined or was unable to do business with DJ Direct. However, the Complaint does identify DJ Direct's contract with Amazon which permitted DJ Direct to use the platform that Amazon.com provides to operate DJ Direct's online store. Complaint, ¶ 77. And, it is that contract with which Zero Gravity tortiously interfered. DJ Direct is not required to identify the specific customers it lost as a result of Zero Gravity's tortious interference with DJ Direct's contract with Amazon. At best, this may be asserted as a defense to DJ Direct's quantum of damages.

Finally, Zero Gravity's argument that DJ Direct's filing is a "shotgun" pleading also misses the mark. A "shotgun pleading" is typically a pleading in which it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. However, in the instant case, the factual allegations are all organized chronologically, and it is clear which claims the allegations support. The mere fact that the recitation of facts is incorporated into claims, does not make a complaint a "shotgun pleading." *See*, *US Engine Prod. v. ISO Group, Inc.*, 2013 U.S. Dist. LEXIS 118420 (E.D.N.Y. 2013) (denying allegation of "shotgun pleading") (citing *Iconix Brand Grp., Inc. v. Bongo Apparel, Inc.*, 2008 U.S. Dist. LEXIS 51791 (S.D.N.Y. 2008) ("[I]t must be noted that the incorporation of preceding paragraphs into subsequent causes of action is a standard practice…")) Moreover, as noted in the Complaint, Ex. 1 consists of admissions by Zero Gravity that it regularly makes false claims that products are counterfeit. Complaint, ¶ 7.

For all of the foregoing reasons, DJ Direct respectfully submits that there is no basis for the Court to entertain a motion to dismiss, and Zero Gravity's request to file same should be denied.

Respectfully submitted,

**STERN & SCHURIN LLP**

*Richard S. Schurin*

Richard S. Schurin